**HARTFORD FIRE INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**Leda HERRALD, as administratrix of the Estate of Hoyt W. Herrald, Deceased, and Leda Herrald, Individually, Defendant-Appellant.**

**No. 71–1997.**

United States Court of Appeals, Ninth Circuit.

Aug. 13, 1973.

**426**

Haig A. Harris, Jr. (argued), of Scampini, Mortara & Harris, San Francisco, Cal., for defendant-appellant.

Augustus Castro (argued), Paul A. Renne, Thomas A. H. Hartwell, of Cooley, Crowley, Gaither, Godward, Castro & Huddleson, San Francisco, Cal., for plaintiff-appellee.

Before CHAMBERS and TRASK, Circuit Judges, and TAYLOR, District Judge.[*]

PER CURIAM:

Hartford brought this action for a declaratory judgment that it had no liability on a homeowner's policy and on a scheduled/valued policy, both of which were issued to the Herralds. The Herralds had filed claims for losses due to theft from their home of several art objects and other items. Hartford claimed no liability because of failure of the Herralds to make certain disclosures in their applications for insurance and for failure of the Herralds to cooperate with counsel for Hartford after the claims had been made. The Herralds counterclaimed for the amounts of the policies and for damages.

After trial to a jury, the jury rendered a general verdict against the Herralds on their counterclaim. The jury also answered several interrogatories submitted by the judge, on the basis of which answers the judge entered judgment in favor of Hartford on the declaratory judgment action. Mrs. Herrald, representing herself and the estate of Mr. Herrald, who died during the pendency of this case, has appealed.

The Herralds were entitled to a jury, if timely demanded, under Beacon Theatres v. Westover, 359 U.S. 500, 79. S.Ct. 948, 3 L.Ed.2d 988 (1959), since they would have been so entitled if they had initiated the action. They did make timely demand. There is confusion in the record whether on the declaratory judgment questions the trial court treated its interrogatories as addressed to an advisory jury under Rule 39 F.R.Civ.P. or as addressed to the jury as the factfinder under Rule 49 F.R.Civ.P. We decline to attempt to unravel this confusion. The jury found against the Herralds in a general verdict on the counterclaim. The questions on the counterclaim were so close to identical to the questions on the declaratory judgment that there was no denial of the right to jury trial; and there was no prejudice to the Herralds in the handling of the interrogatories.

The court did not abuse its discretion in the manner in which it chose to deal with the objectionable conduct of counsel for Hartford.

The judgment is affirmed.

[*] The Honorable Fred M. Taylor, Senior Judge of the United States District Court for the District of Idaho, sitting by designation.